871 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger KEHRIER, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,
Defendant- Appellee.
 No. 87-1951.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1989.
 
 Before ENGEL, Chief Judge, and MERRITT and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Roger Kehrier appeals the judgment of the United States District Court for the Eastern District of Michigan granting appellee United States Department of Justice summary judgment on Kehrier's claims that he was wrongfully discharged from his position in the Drug Enforcement Administration (DEA). The judgment affirmed the decision of Merit Systems Protection Board (MSPB) Presiding Official John H. Pleuss, who on February 6, 1985 upheld Kehrier's discharge, a decision subsequently upheld by the United States Merit Systems Protection Board when it denied Kehrier's petition for review under 5 C.F.R. Sec. 1201.115.
 
 
 2
 On August 10, 1984, Kehrier was removed from his position as a criminal investigator of the Drug Enforcement Administration in Detroit, Michigan. The Drug Enforcement Administration's action was based on five charges against Kehrier: insubordination, making a false statement, unauthorized movement of furniture, threatening bodily harm to another, and poor judgment. After consideration of Kehrier's personnel file and an oral hearing at which testimony was presented, the presiding official held that the Drug Enforcement Administration had sustained its burden of proof concerning the charges of: insubordination, threatening behavior, and poor judgment. However, he dismissed the charges of false statements and unauthorized movement of furniture as unsupported by sufficient evidence. Noting that the DEA's action could only be affirmed if it were taken for such cause as would promote the efficiency of the service, see 5 U.S.C. Sec. 7513(a) and 5 C.F.R. Sec. 752.403(a), the presiding official held that the discharge of Kehrier was appropriate, because it struck a "responsible balance within the tolerable limits of reasonableness." Douglas v. Veterans Administration, 5 MSPB 313, 333 (1981). The presiding official thus affirmed the decision of the DEA to remove Kehrier. Kehrier then petitioned the Merit Systems Protection Board for review of the presiding official's order alleging that he was denied due process because of numerous procedural errors attending the presiding official's decision to uphold the DEA's discharge. Specifically, Kehrier alleged that the presiding official improperly considered information contained within Kehrier's agency file which was held by the DEA. The Board denied Kehrier's petition for review on May 14, 1985.
 
 
 3
 Kehrier then petitioned the United States Court of Appeals for the Federal Circuit for review of the Merit Systems Protection Board order. See 5 U.S.C. Sec. 7703. After the case was transferred to the United States District Court for the Eastern District of Michigan, United States District Judge John Feikens upheld the decision of the Merit Systems Protection Board, holding that substantial evidence supported the three charges upheld by the presiding official. The district court further held that Kehrier's removal was not an abuse of discretion. See Connolly v. Dept. of Justice, 766 F.2d 507, 514 (Fed.Cir.1985) (determination of appropriate penalty within sound discretion of employing agency). The district judge dismissed the due process charges, noting that 5 C.F.R. Sec. 1201.54 provides that "the transcript of testimony and the exhibits together with all paper and motions filed in the proceedings shall constitute the exclusive and official record," and every agency response to a petition for appeal to the MSPB must include "all documents contained in the agency record of the proceeding." 5 C.F.R. Sec. 1201.24(4). The district court thus granted summary judgment for the defendant United States Department of Justice. Kehrier appeals.
 
 
 4
 Kehrier's contends that inclusion of, and reliance upon, the agency file in the Board proceedings violated the regulatory scheme, especially since the Board granted him a full evidentiary hearing on the merits in accordance with the provisions of 5 C.F.R. Sec. 1201.24(c). Kehrier further has claimed that he was denied due process because the file was never formally offered into evidence and that therefore he was not accorded the constitutionally guaranteed due process rights: (1) to be informed of the charges against him, and (2) to make an adequate response thereto, where the Board's decision was based upon evidence in the file which was not otherwise made a part of the record at the proceedings. We disagree.
 
 
 5
 While it is evident that for his own reasons, Kehrier did not see fit to give his own subsequently retained attorney a copy of the agency file until late in the district court proceedings, the record shows that he was given a copy of that file well in advance of the Board hearing itself. He thus had a full opportunity to interrogate witnesses, to challenge the validity or accuracy of contents of that file, and to augment the file with his own proofs, which he appears to have done. The procedure employed here is consistent with the agency's own interpretation of the hearing regulations. See Hutchins v. Dept. of Justice, 7 M.S.P.R. 645 (1981).
 
 
 6
 Accordingly, for the foregoing reasons and for the reasons set forth in the opinion of United States District Judge John Feikens filed in the district court on September 1, 1987, the judgment of the district court is AFFIRMED.